IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FUZZY'S INDUSTRIAL MAINTENANCE AND MANUFACTURE, LP, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. _____ |
| PRIMA POWER NORTH AMERICA, INC. and PRIMA POWER LASERDYNE LLC, | § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Fuzzy's Industrial Maintenance and Manufacture, LP, Plaintiff, complaining of Prima Power North America, Inc. and Prima Power Laserdyne LLC, Defendants, and for cause of action would show this Honorable Court as follows:

### I.  PARTIES

1. Plaintiff Fuzzy's Industrial Maintenance and Manufacture, LP (hereafter "Plaintiff" or "Fuzzy's") is a Texas Limited Partnership located in Borger, Hutchinson County, Texas.

2. Defendant, Prima Power North America, Inc. ("PPNA"), is located at **500 W. Algonquin Road, Arlington Heights, Cook County, Illinois 60005-4411**. Defendant may be served with service of process by service on the **Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079**. The Texas Secretary of State is the agent for service on non-resident Defendant PPNA. Defendant PPNA is a non-resident engaged in business in Texas.

3. Defendant PPNA routinely does business in Texas, sells products in Texas, and on information and belief, owns property located in Texas. Non-resident Defendant PPNA does not maintain a regular place of business in Texas. Moreover, non-resident Defendant PPNA does

not have a designated agent for service of process in Texas. This lawsuit arises from non-resident Defendant PPNA's business in Texas with Plaintiff.

4. Defendant, Prima Power Laserdyne LLC ("PPL"), is located at 7105 Northland Terrace N, Minneapolis, Hennepin County, Minnesota 55428, or at 8600 109th Avenue, Champlin, Hennepin County, Minnesota 55316. Defendant PPL routinely does business in Texas, sells products in Texas, and on information and belief, owns property located in Texas, and may be served with service on its agent for service of process, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201**.

5. Defendants are collectively referenced herein as either "Defendants" or " Prima Power."

## II.     JURISDICTION

6. This Court has jurisdiction of this matter pursuant to 28 U.S.C. 1332(a), as there is diversity of citizenship between the Plaintiff and Defendants, and Plaintiff seeks recovery of damages, exclusive of interest and costs, well in excess of the sum of $75,000.00.

## III.     VENUE

7. This case involves the purchase, installation and clumsy attempts to service a laser cutting machine designed to cut steel. The machine was delivered to, and installed at, Plaintiff's shop in Borger, Hutchinson County, Texas. Since obtaining the Laser Cutter from Defendants, Plaintiff has had chronic operational and performance issues with the malfunctioning machine. All or a substantial part of the events or omissions giving rise to the claims occurred in the Amarillo Division of the Northern District of Texas. Therefore, venue is proper in the United States District Court for the Northern District of Texas.

## IV.     FACTS

8. Plaintiff ordered a Laser Cutter from Defendants in January 2022. It was not

delivered to Plaintiff until November of 2022. Defendants agreed to a two-year warranty on the delivered equipment that Plaintiff purchased for $984,773. The Laser Cutter was sold to Plaintiff with a companion compressor. A part that is essential to connecting the compressor and the Laser Cutter was not delivered with the other equipment.

9. The Laser Cutter equipment briefly worked inefficiently, but now not at all. The Laser Cutter's cutting head, obviously a critical component of the machine, failed repeatedly and now will not work at all. The Laser Cutter equipment is strategically located in Plaintiff's shop, occupying much needed work space.

10. Plaintiff has provided Prima Power with written notice of the operational problems and malfunctions. Defendants have failed to properly repair or remove the Laser Cutter equipment. Defendants sent a few representatives to check out the problems. Upon information and belief, none of them knew what they were doing in regard to the Laser Cutter.

11. The Laser Cutter's unacceptable performance, and the lack of responsiveness by Defendants to remove or replace it, is destroying Fuzzy's ability to operate its business with any level of predictability. Plaintiff's reputation with its customers has been damaged as a result of this operational damage.

## V.   CAUSES OF ACTION

### A. COUNT 1: BREACH OF CONTRACT

12. The Laser Cutter was sold to Plaintiff as "the best product with the most outstanding combination of performance, control and flexibility." Plaintiff agreed to buy the machine as represented. The Laser Cutter failed to meet the expected quality contracted for. It was represented as a superb machine for cutting steel. It will not.

13. The sale and purchase is a valid, enforceable contract. Plaintiff performed, and Defendants did not. Defendants breached the contract.

### B. COUNT 2: BREACH OF WARRANTY

14. The Defendants made representations to Plaintiff about the quality and characteristics of the Laser Cutter and other equipment purchased, and their commitment to see that the Laser Cutter equipment performed as represented. The representations of Defendants became part of the basis of the bargain.

15. Neither the Laser Cutter equipment, nor the behavior of the Defendants were in compliance with representations made and the warranty provided.

16. Plaintiff properly notified Defendants of the breach. No adequate response has been forthcoming.

### C. COUNT 3: NEGLIGENT MISREPRESENTATION

17. The Defendants made representations to Plaintiff about the quality and characteristics of the Laser Cutter equipment and the warranty applicable to that equipment, and their commitment to see that the Laser Cutter equipment performed as represented or was properly repaired. The representations of Defendants became part of the basis of the bargain.

18. These representations were false and provided for the guidance of Defendants' customers, including Plaintiff.

19. The Defendants did not use reasonable care in communicating the information and representations to Plaintiff.

20. Plaintiff justifiably relied on Defendants' representations.

21. Defendants' negligent misrepresentations proximately caused the Plaintiff's injuries and damages in this lawsuit.

## VI. DAMAGES

22. The damages suffered by Plaintiff and caused by Defendants were reasonably foreseeable, given the nature and scope of the transaction. The components of damages known at

this time include: (1) the purchase price of the machine, (2) the purchase price of a long-sought-after replacement machine with 50% capacity of the worthless Laser Cutter, (3) the costs of expanding and preparing Plaintiff's shop area to house the Laser Cutter, (4) electrical compliance costs to shift to a replacement Laser Cutter, (5) lost sales from lower output, (6) cost of gas fuel, and (7) paralysis of business development.

## VII.   ATTORNEY FEES

23.   Plaintiff is entitled to an award of usual and customary attorney fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code. Proper presentment of Plaintiff's claim was made by letter on the 6th day of October, 2023.

## VIII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that, upon final hearing, the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.   damages for breach of contract;

    b.   damages for breach of warranty;

    c.   reasonable attorney's fees and costs of court;

    d.   pre- and post–judgment interests as allowed by law;

    e.   such other and further relief to which Plaintiff may be justly entitled; and

    f.   general relief.

Dated this 20th day of December, 2023.

       Respectfully submitted,

       LOVELL ISERN & FARABOUGH, LLP
       Jody Sheets, SBN 18180500
       jody@lovell-law.net
       Brian W. Farabough, SBN 24072989
       brian@lovell-law.net
       112 SW 8th Avenue, Suite 1000
       Amarillo, Texas 79101-2314
       Phone: (806) 373-1515
       Fax: (806) 379-7176

       By: /s/ *Brian W. Farabough*
         Brian W. Farabough

       *Attorneys for Plaintiff, Fuzzy's Industrial*
       *Maintenance and Manufacture, LP*